UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAE HANSEN,<br><br>　　　　　Petitioner,<br>v.<br><br>D.K. JOHNSON, Warden,<br><br>　　　　　Respondent. | Case No.: 12cv1741 AJB (DHB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS CORPUS WITH LEAVE TO AMEND<br><br>(Doc. Nos. 1, 13) |

On July 12, 2012, Brae Hansen ("Petitioner" or "Hansen"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) The Petition seeks relief from Hansen's April 2009 conviction in San Diego Superior Court, Case No. SCD207862, following a jury trial in which Hansen was found guilty of first degree murder and sentenced to life in prison without the possibility of parole.[1] Respondent filed an Answer on March 18, 2013, (Doc. No. 8), and Petitioner filed a Traverse on June 19, 2013, (Doc. No. 12).

The Court referred the matter to Magistrate Judge David H. Bartick, who issued a Report and Recommendation ("R&R"). The R&R concluded that the Petition should be denied, but that Hansen should be granted leave to amend as to ground two.[2] The parties were instructed to file written objections to the R&R no later than March 17, 2014, and

---

[1] The jury also found Hansen had been vicariously armed and that she had committed the murder by means of "lying-n-wait." (Doc. No. 1-2 at 1.)

[2] Ground One: Voluntariness of Post-Miranda confession (relating to denied motion to suppress); Ground Two: Joinder in Beneficial Arguments.

replies to the objections no later than March 31, 2014.  (Doc. No. 13 at 28:20-29:5.)  The parties were further informed that failure to file objections within the specified time may waive the right to raise those objections on appeal.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation.  The district judge  must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Here, neither party filed timely objections to the R&R, and the Court finds it thorough, well-reasoned, and contains no clear error.  Accordingly, the Court: (1) ADOPTS the R&R, (Doc. No. 13); and (2) DENIES the Petition with leave to amend as to Count Two, (Doc. No.1).  Petitioner must file an amended Petition solely as to Count Two no later than **May 5, 2014**.

IT IS SO ORDERED.

DATED:  April 7, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge